UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY CASTILLO,**

      **Plaintiff,**

**v.**                                                        **Case No:   6:17-cv-2200-Orl-28GJK**

**TUESDAY MORNING, INC.,**

      **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT** (Doc. No. 33) |
| **FILED:** | **July 6, 2018** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

**I.     BACKGROUND.**

On December 28, 2017, Plaintiff instituted this action against Defendant, his employer, alleging violations of the Fair Labor Standards Act (the "FLSA"). Doc. No. 1. Plaintiff alleges that Defendant did not pay him overtime in violation of the FLSA and seeks a collective class of similarly situated employees. *Id.* at 3-5. On February 22, 2018, Defendant filed an answer denying Plaintiff's claims and asserting numerous affirmative defenses. Doc. No. 19. On July 6, 2018, the parties filed a Joint Motion and Memorandum of Law for Approval of FLSA Settlement Agreement (the "Motion"). Doc. No. 33. The signed Settlement Agreement (the "Agreement") is attached to the Motion. Doc. No. 33-1. For the reasons that follow, the Court grants the Motion.

## II.     LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*. Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")).[2] In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

307 F. App'x at 351-52. For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[3] Thus, a potential conflict can arise between counsel and client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[4] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternative means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) *represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement*

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> *does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.*

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.*

## III.  ANALYSIS.

### A.  Settlement of Plaintiff's FLSA Claim.

This case involves disputed issues of liability under the FLSA, which constitutes a bona fide dispute. Doc. No. 33 at ¶¶ 2, 3. In Plaintiff's answers to the Court's Interrogatories, Plaintiff claimed he was owed $106,828.00 in liquidated and unliquidated damages. Doc. No. 21 at 3. Under the Agreement, Plaintiff agreed to accept a total settlement amount of $4,000.00, representing $2,000 for back wages and $2,000 for liquidated damages. Doc. No. 33 at ¶ 6; Doc. No. 33-1 at 3. Since Plaintiff is receiving less than the amount he claimed, Plaintiff compromised his claims under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014).

The case involves disputed issues regarding FLSA liability. Doc. No. 33 at ¶¶ 14-16. Defendant contends that Plaintiff, as a Store Manager, "falls clearly within both the administrative and executive exemptions" to paying overtime. *Id.* at ¶ 15. Defendant references several cases in which its store managers failed to sustain collective actions and it successfully defended individual actions against it. *Id.* The parties also disagreed regarding the number of hours Plaintiff worked, with "Plaintiff conced[ing] that he worked fewer hours each week than he claimed in response to the Court's Interrogatories." *Id.* at ¶ 16. After receiving sufficient information to make informed

decisions, and "to avoid the costs, distraction and uncertainty of litigation," the parties decided to settle their dispute. *Id.* at ¶¶ 4-5. Considering the foregoing, and the strong presumption favoring settlement, the settlement amount is fair and reasonable.

### B. Attorney's Fees.

Under the Agreement, Plaintiff's counsel will receive $1,000 for attorney's fees and costs. Doc. No. 33-1 at 3. The parties represent that attorney's fees were negotiated separate and apart from Plaintiff's recovery. Doc. No. 33 at ¶ 6. The settlement is reasonable on its face, and the parties' foregoing representation adequately establishes the reasonableness of the attorney's fees under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228.

### IV.  CONCLUSION.

Based on the foregoing, it is **ORDERED** as follows:

1. The Motion (Doc. No. 33) is **GRANTED**;
2. **This case is DISMISSED with prejudice**; and
3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Orlando, Florida, on July 9, 2018.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties